■ In the Matter of THOMAS RYNGALA, Petitioner, v MICHAEL J. CODD, as Police Commissioner of the City of New York, Respondent.—Determination of respondent Police Commissioner, dated on or about September 12, 1975, unanimously modified, on the law, to the extent of vacating the $1,000 fine imposed and otherwise confirmed, without costs and without disbursements. In this article 78 proceeding, transferred to this court pursuant to CPLR 7804 (subd [g]), the petitioning police officer seeks to have respondent's determination disciplining petitioner annulled on the ground it is unsupported by substantial evidence. Alternatively, petitioner urges the penalty imposed (forfeiture of all pay and benefits which were withheld during the period of his 55-month, 18-day suspension; loss of tenure credits for pension purposes only during that same period, with the restoration of two years of those credits being conditioned upon his proper conduct and good behavior for a two-year probationary period; and in addition a $1,000 fine) should be reduced because of excessiveness. Petitioner and his fellow officer were charged with receiving a bribe, employing improper police procedures, falsely testifying before an official hearing of the Department of Investigation, failing to prepare required reports and failing to make a full and accurate memorandum book entry. He was found not guilty of soliciting or accepting a bribe but guilty of all but one of the remaining charges, all of which stemmed from events involving the unproven bribery charges. Since review of the evidence adduced at the hearing discloses there was substantial evidence to support the respondent's determination, the petition, in so far as it seeks to have that determination annulled, is denied. However, in view of petitioner's prior good record, the technical nature of many of the charges and the substantial pay and benefits lost as a consequence of the suspension and conviction, the imposition of the $1,000 fine was an additional measure of punishment which, under all the circumstances, was so disproportionate to the offense as to be shockingly unfair. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Yesawich, JJ.