■ In the Matter of MANUEL GOMEZ, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [864 NYS2d 31]—

Determination of respondent Police Commissioner, dated May 18, 2006, finding petitioner guilty of five departmental charges of misconduct and imposing a one-year dismissal probation and 30-day vacation forfeiture, unanimously modified, on the law, to the extent of vacating the penalty, and remitting the matter to respondent for the imposition of an appropriate lesser penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Jane Goodman, J.], entered May 22, 2007) otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports the findings that petitioner violated his commanding officer's order to terminate his involvement with the District Attorney's office in a criminal investigation; failed to take possession of drugs during a police department integrity test; failed to voucher his helmet, mace and shield before leaving for active military duty; retrieved his service handgun before the official date of his discharge from active military duty; and failed to report a domestic incident to the department. There is no basis to disturb the hearing officer's rejection of petitioner's explanations for these actions (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

We find that the penalty is excessive in light of the mitigating circumstances, i.e., petitioner's several tours of active military duty, including a year in Afghanistan for which he was decorated, and the substantial pay lost in connection with his military service (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *see also Matter of Ryngala v Codd*, 57 AD2d 808 [1977]). Concur—Lippman, P.J., Gonzalez, Nardelli, Acosta and DeGrasse, JJ.